W. J. COWART, TAX COLLECTOR, v. JOHN FOXWORTH ET AL.

TAXATION.  *Levy to pay school warrants of previous years.*

> Boards of supervisors may levy a tax to pay teachers' warrants of a previous year, these constituting indebtedness of the county, if in so doing the limit of taxation for all purposes provided by law for counties having outstanding indebtedness is not exceeded.  *Foote* v. *Brown*, 60 Miss. 155, distinguished.

FROM the chancery court of Marion county, first district.

HON. SYLVANUS EVANS, Chancellor.

The bill in this case was filed by appellees, John Foxworth and other tax-payers in Marion county, seeking to enjoin the appellant, Cowart, tax-collector of said county, and the board of supervisors, from enforcing and collecting a certain tax alleged to have been illegally levied by the board of supervisors in 1888.

At its regular meeting for the levying of taxes in 1888, the said board levied a tax which, with the state tax, amounted to fifteen mills, and this included five and one-half mills "for school purposes for the years 1888 and 1889, and for the deficit in the teachers' fund for the years 1887 and 1888, to be known as the school or teachers' fund."

Complainants alleged in their bill that so much of said levy as seeks to provide a fund to pay the deficit for the years 1887 and 1888 is illegal; that they have paid the maximum of thirteen dollars on the thousand of their taxable property, which they claim is all that they can be required to pay; and therefore they ask an injunction against the enforcement of the remaining two dollars on the thousand.

The authority of the board of supervisors in making the said levy for 1888, was controlled by section 5, of the revenue act of 1888 (Laws of 1888, page 19), which provides that, "the board of supervisors are hereby prohibited from levying a tax which, added to the state tax, will exceed thirteen dollars on each thousand dollars' worth of property; provided that to meet any outstanding indebtedness the amount herein provided may exceed thirteen dol-

lars on each thousand, but in no case to exceed fifteen dollars on the thousand."

Defendants' demurrer to the bill of complaint, upon the ground that the said teachers' warrants constituted an outstanding indebtedness by the county, and therefore it was, not only within the power of the board, but was its duty to levy a tax of fifteen dollars on the thousand.

This appeal is taken from an order of the court overruling the demurrer.

*S. E. Packwood,* for appellants.

We rest the case of the appellants upon the plain and unambiguous language of the revenue act of 1888, which provides that the board of supervisors may, to pay any outstanding indebtedness, extend the whole amount of taxation to fifteen dollars on the thousand. The case of *Foote* v. *Brown,* relied on by appellees, is not analogous. In that case there was no levy as in the present case to pay outstanding school warrants, but money was sought for the payment of said warrants out of funds raised for other purposes. It is true in the opinion in *Foote* v. *Brown* there are *obiter dicta* which make against the sustaining of the demurrer of appellants, but the decision seems to be based upon the provision of the act of 1880, as to the law governing the point in controversy.

The attention of the court in that case was not called to the point under consideration, and the right of the board to make a levy to pay outstanding teachers' warrants was not considered. Such warrants do constitute an " outstanding indebtedness," and, this being true, the board had the right, and it was its duty, to levy a tax to pay them, provided it did not exceed the limit of fifteen mills in so doing.

*W. P. & J. B. Harris,* for appellees.

The case of *Foote* v. *Brown,* 60 Miss. 155, is exactly in point, and it is only necessary to refer the court to that authority, which is absolutely decisive in this case. It is insisted for appellants that as the levy was only fifteen mills, and did not exceed the limit fixed for the total taxes, it was valid. In this counsel overlooked

the language of the court in the case above cited, and the statement there made that these school warrants are not on the same footing with general county warrants, and therefore not an established indebtedness ; and he also overlooks the fact that the law fixes an absolute limit on the amount of an annual levy for school purposes of three mills, and that the actual levy in this case was five and one-half mills.

CAMPBELL, J., delivered the opinion of the court.

In *Foote* v. *Brown*, 60 Miss. 155, we held that a tax collector could not be compelled to receive in payment of the tax for school purposes in the year 1882 a teacher's warrant issued in a previous year, and that a county treasurer could not be required to pay such a warrant out of money collected for the year 1882, unless there was in his hands a surplus of such fund beyond what was required for schools for that year; but it was not decided or suggested that the board of supervisors might not levy a tax, within the limit of taxation allowed by law, to provide a fund to pay any *deficit* of a previous year.    Teachers' warrants lawfully issued constitute an indebtedness of the county, and may and should be provided for and paid, and as the levy by the board of supervisors in this case was within the limit prescribed by law for counties situated as Marion county was according to the bill, it was authorized, and the demurrer to the bill should have been sustained.

*Reversed, and demurrer sustained and bill dismissed and cause remanded to the chancery court for a decree according to § 576 of the code.*